UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| TROY WILLIAMS,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 2:22-cv-00158 |

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND GRANTING PLAINTIFF LEAVE TO AMEND**
(Doc. 16)

Plaintiff Troy Williams brings this Complaint for money damages against Defendant the United States of America ("Defendant") pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346, for personal injuries allegedly sustained following an accident at the White River Junction Processing and Distribution Center (the "WRJ Center") on January 10, 2019, while loading mail onto an RSD Transportation, Inc. ("RSD") trailer.

Defendant moved to dismiss Plaintiff's Complaint on May 4, 2023, (Doc. 16), for lack of subject matter jurisdiction because it asserts that the United States has waived sovereign immunity under the FTCA and is liable only to the extent a private party would be under the law of the jurisdiction where the alleged negligence occurred. Because Vermont law provides that workers' compensation insurance is the exclusive remedy against an injured worker's employer, and Vermont law defines employer broadly to include certain indirect or statutory employers, Defendant asserts that the United States Postal Service (the "USPS"), as Plaintiff's statutory employer, must be dismissed.

Plaintiff opposed the government's motion on June 3, 2023, and requested leave to amend his Complaint. Defendant filed a reply on June 20, 2023. The court heard oral

argument on the motion to dismiss on July 24, 2023, at which point it took the pending motions under advisement.

Plaintiff is represented by Jack T. Spicer, Esq. The United States is represented by Assistant United States Attorneys Jason M. Turner and Kaitlin E. Hazard.

### I. Factual Allegations in Plaintiff's Complaint.

Plaintiff Troy Williams is a resident of the state of Vermont who seeks damages for injuries he sustained as a result of the "negligent act(s) and/or omission(s) of an employee or employees of the [USPS] acting within the scope of his or her or their employment." (Doc. 1 at 1, ¶ 1.) On January 10, 2019, he was assisting USPS personnel with loading mail at the WRJ Center, which the USPS owns and operates. At the time, Plaintiff "was employed as a driver by RSD[,]" *id.* at 3, ¶ 11, which required him to transport mail to and from the WRJ Center. At the WRJ Center, Plaintiff was required to help USPS personnel load mail onto an RSD trailer from the loading dock, to tie or strap mail containers in the trailer, and to sign for certified mail.

The WRJ Center's loading dock is elevated several feet above ground level for loading and unloading mail to and from trailers backed up to it. Plaintiff alleges, upon information and belief, that RSD "was under contract with USPS for provision of mail transportation services between the WRJ Center and other post office facilities and destinations." *Id.* at ¶ 10.

To assist with loading and unloading, the WRJ Center "uses dockboards or dock levelers that bridge the gap between the loading dock and the trailer of a transport vehicle allowing for a continuous walking surface between the loading dock and trailer." *Id.* at ¶ 13. These dock levelers are allegedly operated by a "push button controller that, when pushed, lifted the lip of the dock leveler from the stored position and extended the lip over the gap between the loading dock and trailer." *Id.* at ¶ 14. When they are not in use, the dock levelers are stored in an upright or vertical position on the edge of the loading dock, through the use of a push button controller. In their stored position, "several inches of the lip of the dock leveler extended above the adjacent loading dock walking surface." *Id.* at 4, ¶ 15. The dock levelers are controlled and operated by USPS personnel.

On the date of the incident, Tammie Hammond, a USPS employee, requested that Plaintiff sign for certified mail on the loading dock. Plainitff had not yet "completed his tasks to ensure the trailer was loaded, and the mail was not yet tied or strapped to the trailer." (Doc. 1 at 4, ¶ 18.) He exited the trailer, traversed the bridge created by the dock leveler, and entered the loading dock. Another USPS employee, Tim Martin, "pushed the button to return the dock leveler to the stored position while [Plaintiff] was facing away from the trailer and signing for certified mail, and the dock leveler was returned to the stored position." *Id.* at ¶ 20. Unaware that the dock leveler had been returned to its stored position, as Plaintiff turned around to enter the trailer, he "tripped over the lip of the dock leveler[,] . . . fell forward into the open trailer, and landed on his extended upper extremities." *Id.* at 5, ¶ 22. He suffered "immediate pain and sustain[ed] significant and traumatic injuries to his bilateral upper extremities, back, and hips" and required "extensive medical treatment" and hospitalization, with resulting disfigurement from surgical scars. *Id.* at ¶¶ 23-24. He seeks to recover for his physical injuries and disability as well as lost wages and benefits, loss of enjoyment of life, and a diminished earning capacity.

He asserts two claims against the USPS: negligence (Count I); and failure to train (Count II). He asserts that USPS personnel, including Mr. Martin and Ms. Hammond, were acting in the course and scope of their employment and that USPS personnel owed Plaintiff a duty to maintain the loading dock in a reasonably safe and suitable condition. He alleges USPS breached that duty and caused his injuries by failing to undertake reasonable inspections to ensure the loading dock was in a reasonably safe condition; creating an unreasonably dangerous condition on the loading dock; failing to warn Plaintiff of the unreasonably dangerous condition; failing to have in place and erect proper barricades or other fall protection systems; failing to adhere to the principles, agreements, and express and implied warranties set forth in the contract between USPS and RSD; and failing to exercise reasonable care and caution in the operation of its equipment.

In the second count of his Complaint, Plaintiff alleges that the United States, by

and through USPS, owed a duty to train employees who use a dockboard or dock leveler to "properly use, place, and secure its dockboards or dock levelers." *Id.* at 8, ¶ 39. He alleges that Defendant breached this duty by failing to train its personnel and thereby "caused the dockboard or dock leveler to be improperly used, placed, and/or secured," *id.* at ¶ 41, which, in turn, directly and proximately caused his injuries.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "[T]he party asserting federal [subject matter] jurisdiction bears the burden of establishing jurisdiction" exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1):

> the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. The court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing.

*Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (internal alteration, citation, and quotation marks omitted).

### B. The Federal Tort Claims Act and Vermont Workers' Compensation Act.

The United States, "as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (alteration in original). "The doctrine of sovereign immunity is jurisdictional in nature . . . and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova*, 201 F.3d at 113. The USPS is a part of the United States government and is entitled to the same sovereign immunity unless it is

waived. *See U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004) ("[T]he Postal Service is part of the [Federal] Government and that status indicates [sovereign] immunity unless there is a waiver."). "In the absence of such a waiver, the court lacks subject matter jurisdiction to adjudicate claims brought against the United States." *Merritt v. United States*, 2020 WL 13336987, at *2 (D. Vt. July 14, 2020).

The Second Circuit has held that if state workers' compensation laws provide an exclusive remedy, the question of whether a party is a statutory employer is jurisdictional in nature because a private statutory employer would not be liable under state law. *See Makarova*, 201 F.3d at 113-14 (concluding that "subject matter jurisdiction exists only if a private defendant could have been sued by [plaintiff] in Washington, D.C.—'the place where the act or omission occurred'" and explaining that due to D.C.'s exclusive remedy provision, if plaintiff was an employee of the Kennedy Center, "her remedy lay with the District of Columbia Workers' Compensation Act and not the FTCA").

The FTCA waives sovereign immunity only for:

> [C]laims against the United States[] for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). As the Second Circuit explained:

> The plain meaning of section 1346(b) is that the United States cannot be held liable when there is no comparable cause of action against a private citizen. The language of 28 U.S.C. § 2674 restates this threshold limitation on the FTCA's waiver of sovereign immunity: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]"

*C.P. Chem. Co. v. United States*, 810 F.2d 34, 37 (2d Cir. 1987).

Under the FTCA, subject matter jurisdiction exists only "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Correspondingly, "[u]nder the FTCA, courts are bound to apply the law of the state . . . where the accident occurred." *Makarova*, 201

5

F.3d at 114.

Under Vermont law, the exclusive remedy for an employee seeking damages for a work-related injury is the Vermont Workers' Compensation Act:

> Except as provided in subsection 618(b) and section 624 of this title, the rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he or she is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise on account of such injury.

21 V.S.A. § 622.

Under 21 V.S.A. § 601(3), a statutory employer includes:

> any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer, and includes the owner or lessee of premises or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed.

"The statute was intended to impose liability for workers' compensation benefits upon business owners who hire independent contractors to carry out some phase of their business." *Edson v. State*, 2003 VT 32, ¶ 6, 175 Vt. 330, 332, 830 A.2d 671, 673. As a result, § 601(3) "creates a statutory relationship of employer and employee, where no such relationship existed at common law." *King v. Snide*, 479 A.2d 752, 754 (Vt. 1984). "The idea was to prevent business owners or general contractors from attempting to avoid liability for workers' compensation benefits by hiring independent contractors to do what they would otherwise have done themselves through their direct employees." *Edson*, 2003 VT 32, ¶ 6, 175 Vt. at 332, 830 A.2d at 673.

### C. Whether USPS is Plaintiff's Statutory Employer.

Defendant seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction because the USPS is Plaintiff's statutory employer pursuant to the Vermont Workers' Compensation Act, and because due to the Act's exclusivity provision, Plaintiff may not seek to recover from Defendant under the FTCA. It notes that (1) Plaintiff was injured while performing work that is part of the USPS's statutorily mandated business;

6

(2) the Vermont Supreme Court has held that a business, like USPS, that hires an independent contractor, like RSD, who, in turn, employs drivers like Plaintiff to move the business's goods is the drivers' statutory employer; and (3) federal courts have concluded that the USPS is a statutory employer with respect to claims against the postal service by independent contractor drivers under other states' workers' compensation laws. Plaintiff concedes that he sought and obtained workers' compensation benefits through RSD under Vermont law.

> According to the Vermont Supreme Court:
>
> the critical inquiry in determining whether an employer is a "statutory employer" under § 601(3) is whether the type of work being carried out by the independent contractor is the type of work that could have been carried out by the owner's employees as part of the regular course of the business. [] Put another way, the question is whether the work that the owner contracted for "is a part of, or process in, the trade, business or occupation of the owner."

*Id.* (quoting *King*, 479 A.2d at 755). It explained its "nature-of-business test" as follows:

> we have found a statutory employer relationship between: (1) a lumber trimming/staining business and a truck driver of a business contracted to haul products to and from the plant, *Frazier*, 2004 VT 95, ¶ 10, 177 Vt. 571, 861 A.2d 1130; (2) a state agency engaged in selling and distributing liquor and a person injured while working for the business contracted by the state to transport the liquor, *Edson*, 2003 VT 32, ¶ 9, 175 Vt. 330, 830 A.2d 671; and (3) a manufacturer of sounding boards and an employee of the independent contractor hired by the manufacturer to haul lumber to the manufacturer's factory, *O'Boyle v. Parker-Young Co.*, 95 Vt. 58, 61, 112 A. 385, 386 (1921). In contrast, we found no employer/employee relationship between: (1) a creamery business and a person injured while working for an independent contractor hired by the creamery to construct a new creamery building, *Packett v. Moretown Creamery Co.*, 91 Vt. 97, 99-101, 99 A. 638, 638-40 (1917); (2) a retired grocery store owner managing his daughter's wood lot and a person injured while working for the independent contractor hired to log the lot, *King*, 144 Vt. at 401, 479 A.2d at 755; and (3) a commercial landlord and a person injured while working for a busing company that leased from the landlord the property where the accident occurred, *Vella v. Hartford Vt. Acquisitions*, 2003 VT 108, ¶¶ 8-10, 176 Vt. 151, 838 A.2d 126.

*In re Chatham Woods Holdings, LLC*, 2008 VT 70, ¶ 13; 184 Vt. 163, 171-72, 955 A.2d

7

1183, 1189-90.

Federal law requires the USPS "to maintain an efficient system of collection, sorting, and delivery of the mail nationwide[.]" 39 U.S.C. § 403(b)(1). Plaintiff was engaged in the business of delivering mail on behalf of the United States government. In applying state workers' compensation laws similar to Vermont's, courts have concluded that the USPS is a statutory employer with respect to claims against it by truck drivers employed by independent contractors. *See Chaline v. United States*, 887 F.2d 505, 506-07 (5th Cir. 1989) (concluding that the USPS was the statutory employer of a private contractor delivering mail rendering Louisiana's workers' compensation statute the sole remedy because "the delivery of mail between post offices is part of the 'trade, business, or occupation' of the [USPS]"); *Landon v. United States*, 2019 WL 5197550, at *4 (E.D. Va. Oct. 15, 2019) (holding that the USPS was plaintiff's statutory employer because plaintiff was injured while employed by an independent contractor trucking company that delivered and picked up mail, work that "clearly qualified as part of the USPS's trade, business or occupation") (internal quotation marks omitted); *Cole v. United States*, 2015 WL 11236544, at *4 (N.D. Ga. June 9, 2015) (finding that the USPS was plaintiff truck driver's statutory employer and thus immune from tort liability where plaintiff's employer contracted with the USPS to transport mail).

Plaintiff asserts that 21 V.S.A. § 616(b) "specifically excludes application of Vermont's workers' compensation scheme where the laws of the United States provide for compensation to injured federal government employees[.]" (Doc. 17 at 8.) Section 616(b), however, requires statutory authority for authorizing compensation for injury or death in employment,[1] and Plaintiff fails to cite any federal statute to this effect.

Similarly, the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101,

---

[1]  This chapter does not apply to employment in any case where the laws of the United States of America provide for compensation, by an employer to his or her employee, for injury or death in employment. However, if jurisdiction is vested in this State under such laws, this chapter shall apply to the employment.

21 V.S.A. § 616(b).

does not apply because it "provides for the payment of workers' compensation benefits to civilian officers and employees of all branches" of the federal government, and, where it applies, "it provides the federal government's 'exclusive' liability with regard to an employee's injury[.]" (Doc. 17 at 8.) Plaintiff concedes he is not employed by a branch of the federal government.

Finally, Plaintiff argues that allowing the United States to avoid liability as his statutory employer would produce "absurd results" because it would require "the [c]ourt to ignore the criminal implications of blurring the line Congress drew between USPS contract worker and USPS employee." *Id.* at 9. Plaintiff cites 18 U.S.C. § 440, which provides for fines and/or imprisonment of USPS employees who act as an agent for a USPS contractor engaged in carrying the mail. That statute provides:

> Whoever, being a person employed in the Postal Service, becomes interested in any contract for carrying the mail, or acts as agent, with or without compensation, for any contractor or person offering to become a contractor in any business before the Postal Service, shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 440. According to Plaintiff, this law "clearly prohibit[s] USPS employees from working for Highway Contract Route (HCR) contractors, such as RSD[.]" (Doc. 17 at 9.) He argues, "Congress does not consider [Plaintiff] a USPS employee because doing so would subject him, and all HCR contract truck drivers, to criminal penalties." *Id.* at 10.

As Defendant points out, because Plaintiff is not a "person employed in the Postal Service," there is "no authority, or reason to believe, that [FECA] or the criminal provision of 18 U.S.C. § 440 would apply to Plaintiff simply because the United States is his statutory employer for the specific purpose of Vermont workers' compensation law." (Doc. 18 at 5.) Instead, the criminal statute is intended to prevent USPS employees from entering into private contracts or being employed by private contractors to deliver the mail.

Plaintiff was injured performing work that is part of the USPS's statutorily mandated business of delivering mail. Under Vermont law, the USPS is Plaintiff's statutory employer, and his exclusive remedy is under the Vermont's Workers'

9

Compensation Act. Accordingly, the court GRANTS Defendant's motion to dismiss (Doc. 16) for lack of subject matter jurisdiction.

### D.     Whether the Dual Liability Exception Applies.

In the alternative, Plaintiff argues that even if the USPS is his statutory employer, the United States remains responsible for the negligent acts of its employees under the Vermont Workers' Compensation Act's "dual liability" exception. Under 21 V.S.A. § 624(a):

> Where the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability to pay the resulting damages *in some person other than the employer*, the acceptance of compensation benefits or the commencement of proceedings to enforce compensation payments shall not act as an election of remedies, but the injured employee or the employee's personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section.

*Id.* (emphasis supplied). Plaintiff cites *Herbert v. Layman*, wherein the Vermont Supreme Court acknowledged that a co-worker may be "some person other than the employer[.]" *See Herbert v. Layman*, 218 A.2d 706, 708 (Vt. 1966), *overruled on other grounds by Whitney v. Fisher*, 417 A.2d 934 (Vt. 1980) ("It follows that the Workmen's Compensation Act of this State provides a statutory remedy which is exclusive as against the employer, but which does not preclude the bringing of an action in negligence against a fellow servant who causes injury.").

In *Libercent v. Aldrich*, 539 A.2d 981 (Vt. 1987), the Vermont Supreme Court concluded that a plaintiff:

> has a right to his common law negligence action against his co-employees to test his allegations that they failed to provide him with a safe and defect-free motor vehicle with which to perform his job. The fact that the plaintiff is a public rather than a private employee does not alter this right. The language of § 624 does not distinguish between public and private employees. The purpose of the statute, to preserve the injured worker's common law rights of action . . . applies with equal force to employees in the public sector. Suits against co-workers in the public sector may be precluded, however, if the employees are protected by official immunity.

*Id.* at 983.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, provides "federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). Accordingly, Defendant argues that "[a]mending the Complaint to add USPS employees . . . would be both futile and circular." (Doc. 18 at 6.) Defendant "does not dispute that Vermont law permits a plaintiff to bring a negligence suit against a co-employee under 12 V.S.A. § 624(a)[,]" but that the Westfall Act and the FTCA's waiver of sovereign immunity "preempt state law when the potential defendant is a United States employee." *Id.* at 8. Because Plaintiff asserts no claims against co-workers, dual liability is not presently at issue. The court thus does not offer an advisory opinion as to how it might apply.

## LEAVE TO AMEND

Plaintiff may only amend his Complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Although it is not clear whether Plaintiff can plausibly allege subject matter jurisdiction, the court has not yet determined that any potential claim by Plaintiff against Defendant or its employees is futile. Accordingly, the court hereby GRANTS Plaintiff leave to amend consistent with Rule 15's liberal standard.

**Plaintiff must file his Amended Complaint by November 23, 2023, or this case will be dismissed.**

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 16) and GRANTS Plaintiff leave to amend his Complaint.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of October, 2023.

Christina Reiss, District Judge
United States District Court