UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 16  PM 3: 20

CLERK

BY _____
DEPUTY CLERK

TROY WILLIAMS,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )        Case No. 2:22-cv-00158
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Defendant.               )

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS FOR
## LACK OF SUBJECT MATTER JURISDICTION
### (Doc. 32)

Plaintiff Troy Williams brings this Amended Complaint for money damages against Defendant the United States of America ("Defendant") pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346, for personal injuries allegedly sustained following an accident at the White River Junction Processing and Distribution Center (the "WRJ Center") on January 10, 2019, while loading mail onto an RSD Transportation, Inc. ("RSD") trailer.

Plaintiff is represented by Jack T. Spicer, Esq. Defendant is represented by Assistant United States Attorneys Jason M. Turner and Kaitlin E. Hazard.

**I.      Procedural Background.**

On May 4, 2023, Defendant moved to dismiss Plaintiff's Complaint, (Doc. 16), for lack of subject matter jurisdiction because the United States has waived sovereign immunity under the FTCA only to the extent a private party would be liable under the law of the jurisdiction where the alleged negligence occurred. Because Vermont law provides that workers' compensation insurance is the exclusive remedy against an injured worker's employer, and Vermont law defines "employer" broadly to include certain indirect or statutory employers, Defendant argued that the United States Postal Service

(the "USPS"), as Plaintiff's statutory employer, is not liable for Plaintiff's claims. Plaintiff countered that the USPS is not his statutory employer and, in the alternative, the dual liability exception to the exclusive remedy provision applies.

On October 23, 2023, the court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction (the "Opinion and Order"). (Doc. 26.) It concluded: "Under Vermont law, the USPS is Plaintiff's statutory employer, and his exclusive remedy is under . . . Vermont's Workers' Compensation Act." *Id.* at 9-10. The court addressed the dual liability exception and concluded it was "not presently at issue." *Id.* at 11. The court however, granted Plaintiff leave to amend his Complaint, and Plaintiff filed his Amended Complaint on November 27, 2023.

Pending before the court is Defendant's motion to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, asserting the United States has not waived its sovereign immunity and is therefore not liable for Plaintiff's injuries because the exclusive remedy provision of Vermont's Workers' Compensation Act bars Plaintiff's claims against the USPS as his statutory employer and no exceptions apply. On January 20, 2024, Plaintiff opposed Defendant's motion, arguing an exception to the exclusive remedy provision applies because the USPS did not secure compensation for its employees as required by 21 V.S.A. § 687. (Doc. 33.) Defendant replied on February 5, 2024, (Doc. 34), at which point the court took the pending motion under advisement.

## II.    Factual Allegations in Plaintiff's Amended Complaint.

Plaintiff Troy Williams is a resident of the state of Vermont who seeks damages for injuries he sustained as a result of the "negligent act(s) and/or omission(s) of an employee or employees of the [USPS] acting within the scope of his or her or their employment." (Doc. 29 at 1, ¶ 1.) On January 10, 2019, he was assisting USPS personnel with loading mail at the WRJ Center, which the USPS owns and operates. At the time, Plaintiff "was employed as a driver by RSD[,]" *id.* at 3, ¶ 11, which required him to transport mail to and from the WRJ Center. At the WRJ Center, Plaintiff was required to help USPS personnel load mail onto an RSD trailer from the loading dock, to tie or strap mail containers in the trailer, and to sign for certified mail.

2

The WRJ Center's loading dock is elevated several feet above ground level for loading and unloading mail to and from trailers backed up to it. Plaintiff alleges, upon information and belief, that RSD "was under contract with [the] USPS for provision of mail transportation services between the WRJ Center and other post office facilities and destinations." *Id.* at ¶ 10. Plaintiff alleges the USPS did not obtain workers' compensation insurance or self-insurance for its employees as required by 21 V.S.A. § 687.

To assist with loading and unloading, the WRJ Center "uses dockboards or dock levelers that bridge the gap between the loading dock and the trailer of a transport vehicle allowing for a continuous walking surface between the loading dock and trailer." *Id.* at ¶ 13. These dock levelers are allegedly operated by a "push button controller that, when pushed, lifted the lip of the dock leveler from the stored position and extended the lip over the gap between the loading dock and trailer." *Id.* at ¶ 14. When they are not in use, the dock levelers are stored in an upright or vertical position on the edge of the loading dock, through the use of a push button controller. In their stored position, "several inches of the lip of the dock leveler extended above the adjacent loading dock walking surface." *Id.* at 4, ¶ 15. USPS personnel control and operate the dock levelers.

On the date of the incident, Tammie Hammond, a USPS employee, requested that Plaintiff sign for certified mail on the loading dock. Plaintiff had not yet "completed his tasks to ensure the trailer was loaded, and the mail was not yet tied or strapped to the trailer." (Doc. 29 at 4, ¶ 18.) He exited the trailer, crossed the bridge created by the dock leveler, and entered the loading dock. Another USPS employee, Tim Martin, "pushed the button to return the dock leveler to the stored position while [Plaintiff] was facing away from the trailer and signing for certified mail, and the dock leveler was returned to the stored position." *Id.* at ¶ 20. Unaware that the dock leveler had been returned to its stored position, as Plaintiff turned around to enter the trailer, he "tripped over the lip of the dock leveler[,] . . . fell forward into the open trailer, and landed on his extended upper extremities." *Id.* at 5, ¶ 22. He suffered "immediate pain and sustain[ed] significant and traumatic injuries to his bilateral upper extremities, back, and hips" and required

3

"extensive medical treatment" and hospitalization, with resulting disfigurement from surgical scars. *Id.* at ¶¶ 23-24. He seeks to recover for his physical injuries and disability as well as lost wages and benefits, loss of enjoyment of life, and a diminished earning capacity.

He asserts two claims against the USPS: negligence (Count I); and failure to train (Count II). He asserts that USPS personnel, including Mr. Martin and Ms. Hammond, were acting in the course and scope of their employment and owed him a duty to maintain the loading dock in a reasonably safe condition. He alleges the USPS breached that duty and caused his injuries by failing to undertake reasonable inspections of the loading dock, creating an unreasonably dangerous condition; failing to warn Plaintiff of the unreasonably dangerous condition; failing to have in place and erect proper barricades or other fall protection systems; failing to adhere to the principles, agreements, and express and implied warranties set forth in the contract between the USPS and RSD; and failing to exercise reasonable care and caution in the operation of USPS equipment.

In the second count of his Amended Complaint, Plaintiff alleges that the United States, by and through the USPS, owed a duty to train employees who use a dockboard or dock leveler to "properly use, place, and secure its dockboards or dock levelers." *Id.* at 10, ¶ 44. He alleges that Defendant breached this duty by failing to train its personnel and thereby "caused the dockboard or dock leveler to be improperly used, placed, and/or secured," *id.* at ¶ 46, which, in turn, directly and proximately caused his injuries.

Although the Amended Complaint largely mirrors his initial Complaint, Plaintiff adds the allegation that the USPS "failed to comply with the requirements of 21 V.S.A. § 687" (Doc. 29 at 5, ¶ 27), and the USPS failed to secure workers' compensation using any of the means set forth in that statutory section.

## III.    Conclusions of Law and Analysis.

### A.    Standard of Review.

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas*

4

*Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "[T]he party asserting federal [subject matter] jurisdiction bears the burden of establishing jurisdiction" exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1):

> the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. The court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing.

*Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (internal alteration, citation, and quotation marks omitted).

### B.    The Federal Tort Claims Act.

The United States, "as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (alteration in original). "The doctrine of sovereign immunity is jurisdictional in nature . . . and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova*, 201 F.3d at 113. "[W]aivers of sovereign immunity must be unequivocally expressed in statutory text, and cannot simply be implied." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (internal quotation marks and citation omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The USPS is a part of the United States government and is entitled to the same sovereign immunity unless it is waived. *See U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004) ("[T]he Postal Service is part of the [Federal] Government and that status indicates [sovereign] immunity unless there is a waiver."). "In the absence of such a waiver, the court lacks subject matter jurisdiction to adjudicate claims brought against the United States." *Merritt v. United States*, 2020 WL 13336987, at *2 (D. Vt.

July 14, 2020).

The Second Circuit has held that if state workers' compensation laws provide an exclusive remedy, the question of whether a party is a statutory employer is jurisdictional in nature because a private statutory employer would not be liable under state law. *See Makarova*, 201 F.3d at 113-14 (concluding that "subject matter jurisdiction exists only if a private defendant could have been sued by [plaintiff] in Washington, D.C.—'the place where the act or omission occurred'" and explaining that due to D.C.'s exclusive remedy provision, if plaintiff was an employee of the Kennedy Center, "her remedy lay with the District of Columbia Workers' Compensation Act and not the FTCA[]").

The FTCA waives sovereign immunity only for:

> [C]laims against the United States[] for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). As the Second Circuit explained:

> The plain meaning of section 1346(b) is that the United States cannot be held liable when there is no comparable cause of action against a private citizen. The language of 28 U.S.C. § 2674 restates this threshold limitation on the FTCA's waiver of sovereign immunity: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]"

*C.P. Chem. Co. v. United States*, 810 F.2d 34, 37 (2d Cir. 1987).

Under the FTCA, subject matter jurisdiction exists only "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Correspondingly, "[u]nder the FTCA, courts are bound to apply the law of the state . . . where the accident occurred." *Makarova*, 201 F.3d at 114.

### C.    Vermont's Workers' Compensation Act.

Under Vermont law, the exclusive remedy for an employee seeking damages for a work-related injury is the Vermont Workers' Compensation Act:

Except as provided in subsection 618(b) and section 624 of this title, the rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he or she is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise on account of such injury.

21 V.S.A. § 622.

Under 21 V.S.A. § 601(3), a statutory employer includes:

any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer, and includes the owner or lessee of premises or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed.

"The statute was intended to impose liability for workers' compensation benefits upon business owners who hire independent contractors to carry out some phase of their business." *Edson v. State*, 2003 VT 32, ¶ 6, 175 Vt. 330, 332, 830 A.2d 671, 673. As a result, § 601(3) "creates a statutory relationship of employer and employee, where no such relationship existed at common law." *King v. Snide*, 479 A.2d 752, 754 (Vt. 1984). "The idea was to prevent business owners or general contractors from attempting to avoid liability for workers' compensation benefits by hiring independent contractors to do what they would otherwise have done themselves through their direct employees." *Edson*, 2003 VT 32, ¶ 6, 175 Vt. at 332, 830 A.2d at 673.

In its previous Opinion and Order, the court concluded the USPS is Plaintiff's statutory employer under 21 V.S.A. § 601(3). The Amended Complaint does not allege additional facts that alter that analysis and Plaintiff does not challenge the court's prior conclusion. Accordingly, Plaintiff's claims against the USPS must be dismissed unless the exceptions in § 618(b) or § 624 apply.

### D.    Whether the Dual Liability Exception Applies.

Defendant argues the dual liability exception does not apply to claims against statutory employers. Under 21 V.S.A. § 624(a)(1):

Where the injury for which compensation is payable under the provisions

7

of this chapter was caused under circumstances creating a legal liability to pay the resulting damages *in some person other than the employer*, the acceptance of compensation benefits or the commencement of proceedings to enforce compensation payments shall not act as an election of remedies, but the injured employee or the employee's personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section.

*Id.* (emphasis supplied). The Vermont Supreme Court has held that Vermont's Workers' Compensation Act "specifically and unambiguously covers multiple-employer business situations[,]" *Candido v. Polymers, Inc.*, 687 A.2d 476, 478 (Vt. 1996), and any "employer under the statute" is "immune from common-law liability under § 622[.]" *Id.* at 478, 480. The USPS, as Plaintiff's statutory employer, is not "subject to liability as a third party under § 624" because § 624 "specifically allows an employee to pursue additional remedies only against a 'person *other than* the employer.'" *Id.* at 480 (quoting 21 V.S.A. § 624(a)) (emphasis in original). As a result, the dual liability exception does not apply. Plaintiff does not advance an argument to the contrary.

### E.    Whether the Exception in 21 V.S.A. § 618(b) Applies.

Because the USPS did not secure workers' compensation insurance or self-insurance and Plaintiff did not sign an agreement waiving his right to sue the USPS when he accepted workers' compensation benefits through RSD, Plaintiff contends the USPS is liable under § 618(b) for failing to independently secure workers' compensation insurance. Plaintiff concedes RSD secured workers' compensation insurance for him and he sought and accepted workers' compensation benefits from RSD.

Defendant counters § 618(b) cannot be applied to the United States because it discriminates against the Federal Government in violation of the intergovernmental immunity doctrine. In the alternative, Defendant contends § 618(b) does not apply to the USPS because RSD secured workers' compensation for Plaintiff.

Under 21 V.S.A. § 618(b):

A worker who receives a personal injury by accident arising out of and in the course of employment with an employer who has failed to comply with [§] 687 of this title may elect to claim compensation under this chapter or to bring a civil action against the employer for full damages resulting from the

8

work injury.

Even if an employee accepts "payment" for a work injury from an employer civilly liable under § 618(b), the acceptance of payment "shall not bar a subsequent election to pursue a civil suit under [§ 618(b)] unless the employee, with knowledge of the employee's rights, signs a written agreement waiving the right to pursue a civil action." 21 V.S.A. § 618(d).

Section 687 provides:

Employers, *not including State, county, or municipal bodies*, shall secure compensation for their employees in one or more of the following ways:

(1) By insuring and keeping insured the payment of such compensation with any corporation or reciprocal or interinsurance exchange authorized to transact the business of workers' compensation insurance in this State.

(2) By obtaining and keeping in force guarantee insurance with any company authorized to do such guarantee business within the State.

(3) By establishing and maintaining to the satisfaction of the Commissioner the employer's financial responsibility necessary to secure payment by the employer of compensation according to the terms of this chapter. The Department of Financial Regulation shall provide technical assistance and a recommendation on each self-insurance application to the Commissioner. For purposes of this subdivision, the Commissioner shall, after consultation with the Commissioner of Financial Regulation, adopt rules and impose terms and conditions, including surety bonds, cash deposits, or reserves and excess risk insurance, as necessary to ensure the same security for compensation as provided under contract for workers' compensation or guarantee insurance. The fund shall be free from attachment or trustee process so long as any liability for the compensation exists.

(4) By participating to the satisfaction of the Commissioner of Labor in a nonprofit, self-insurance corporation approved by the Commissioner of Financial Regulation under this chapter.

*Id.* § 687(a) (emphasis supplied).

Defendant asserts § 618(b) cannot be enforced against the United States because it discriminates against the Federal Government by exempting "State, county, or municipal bodies" from securing compensation for employees through the methods listed in § 687, but not the Federal Government. *Id.*

Plaintiff contends that § 618(b) does not discriminate against the Federal

9

Government because the United States has waived its sovereign immunity pursuant to the FTCA and is liable "in the same manner and to the same extent as a *private individual* under like circumstances[.]" 28 U.S.C. § 2674 (emphasis supplied). He thus contends that, by virtue of this waiver, the United States has consented to claims brought against it pursuant to § 618(b). The limited waiver under the FTCA, however, does not contain this consent. *See Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) (stating court lacks jurisdiction "[i]n the absence of an express waiver"). Plaintiff nonetheless reasons that because a private individual would be liable under § 618(b) for failing to obtain workers' compensation insurance, the United States shares that same liability under the FTCA.

## 1.     Whether Intergovernmental Immunity Applies.

"The doctrine of intergovernmental immunity is derived from the Supremacy Clause, U.S. Const., art. VI, which mandates that 'the activities of the Federal Government are free from regulation by any state.'" *United States v. California*, 921 F.3d 865, 878 (9th Cir. 2019) (quoting *Mayo v. United States*, 319 U.S. 441, 445 (1943)). The "intergovernmental immunity doctrine . . . prohibit[s] state laws that either regulate the United States directly or discriminate against the Federal Government or those with whom it deals," *United States v. Washington*, 596 U.S. 832, 838 (2022) (alterations adopted) (emphasis, internal quotation marks, and citations omitted), "unless Congress provides clear and unambiguous authorization for such regulation." *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180 (1988) (internal quotation marks and citation omitted). "[A] state law discriminates against the Federal Government or its contractors if it singles them out for less favorable treatment, or if it regulates them unfavorably on some basis related to their governmental status[.]" *Washington*, 596 U.S. at 839 (internal quotation marks and citations omitted).

In *United States v. Washington*, 596 U.S. 832 (2022), the Supreme Court held that a state workers' compensation law that applied exclusively to federal contract workers and made it easier for those workers to establish workers' compensation claims discriminated against the Federal Government. The Court explained that the law "impose[d] upon the Federal Government costs that state or private entities d[id] not

10

bear[]" in violation of the intergovernmental immunity doctrine. *Id.* at 839.

Pursuant to § 687, Vermont state, county, and municipal employers are not required to obtain workers' compensation insurance or, alternatively, maintain financial responsibility necessary to pay workers' compensation to the satisfaction of the Commissioner of Financial Regulation. *See* 21 V.S.A. § 687(a) (exempting "State, county, or municipal bodies"). Because they are not required to comply with § 687, they receive more favorable treatment than the Federal Government. The "intergovernmental immunity" doctrine thus prevents § 618(b)'s application to the Federal Government unless the Federal Government has waived its intergovernmental immunity for Plaintiff's claims. *See Washington*, 596 U.S. at 835 (explaining that, although "[t]he Constitution's Supremacy Clause generally immunizes the Federal Government from state laws that directly regulate or discriminate against it[,]" Congress "can authorize such laws by waiving this constitutional immunity[]").

The FTCA "waives sovereign immunity 'under circumstances where the United States, if a *private person*,' not 'the United States, if a state or municipal entity,' would be liable." *United States v. Olson*, 546 U.S. 43, 45-46 (2005) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis in original); *see also* 28 U.S.C. § 2674 (stating the United States is liable "to the same extent as a private individual under like circumstances[]"). The Supreme Court has "consistently adhered to this 'private person' standard[]" and "held that the [FTCA] requires a court to look to the state-law liability of private entities, *not to that of public entities*[.]" *Olson*, 546 U.S. at 46 (emphasis supplied) (citation omitted); *see also United States v. Wong*, 575 U.S. 402, 419 (2015) (noting that "[a]s compared to other waivers of immunity . . . the FTCA treats the United States more like a commoner than like the Crown[]").

The Supreme Court has not addressed whether the FTCA waives intergovernmental immunity, however, the plain language of the FTCA reflects no such intent. *See Binder & Binder, P.C.*, 818 F.3d at 71 (stating "unequivocally express statutory waiver of sovereign immunity" is required) (internal quotation marks and citation omitted). The court need not decide this question because § 687 affords Plaintiff

11

no basis for a statutory claim against the Federal Government in the facts and circumstances of this case.

**2.     Whether the USPS Complied with § 618(b) by Requiring RSD to Obtain Workers' Compensation Insurance.**

Defendant argues the USPS complied with § 687 because RSD maintained a workers' compensation insurance policy for Plaintiff that covered his work with the USPS. Plaintiff counters that the USPS remains liable under § 618(b) because § 687 requires *each* statutory employer in a multiple employer business arrangement to "secure compensation for their employees" in one of the statutorily delineated methods. 21 V.S.A. § 687(a).

Vermont courts construe statutes to "determine and give effect to the intent of the Legislature." *Delta Psi Fraternity v. City of Burlington*, 2008 VT 129, ¶ 7, 185 Vt. 129, 132, 969 A.2d 54, 56 (internal quotation marks and citation omitted). "Where the Legislature's intent can be ascertained from the plain meaning of the statute, [courts] interpret the statute according to the words the Legislature used." *In re M.C.*, 2018 VT 139, ¶ 9, 209 Vt. 219, 222, 204 A.3d 1123, 1125 (internal quotation marks and citation omitted). "Where there is ambiguity or uncertainty about legislative intent, [courts] must consider the entire statute, including its subject matter, effects and consequences, as well as the reason for and spirit of the law." *In re Hinsdale Farm*, 2004 VT 72, ¶ 5, 177 Vt. 115, 117, 858 A.2d 249, 251. "[Vermont's] workers' compensation laws are remedial in nature and must be liberally construed to provide injured employees with benefits unless the law is clear to the contrary." *Haller v. Champlain Coll.*, 2017 VT 86, ¶ 10, 206 Vt. 86, 91, 177 A.3d 497, 500 (internal quotation marks and citation omitted).

Section 687 requires "[e]mployer*s*[]" to "secure compensation" for their employees, 21 V.S.A. § 687 (emphasis supplied), and Vermont's workers' compensation statutes "specifically and unambiguously cover[] multiple-employer business situations[.]" *Candido*, 687 A.2d at 478 (citations omitted). Accordingly, when workers' compensation benefits are awarded to an employee, all statutory employers are "primarily liable[]" for paying that award. *Morrisseau v. Legac*, 181 A.2d 53, 59 (Vt. 1962) (stating

single workers' compensation award "should have been against all of the defendants unconditionally[]"). As the Vermont Supreme Court has explained, "[t]he exclusive remedy of workers' compensation payments is part of a quid pro quo in which the sacrifices and gains of employers and employees are balanced." *Candido*, 687 A.2d at 478 (citation omitted). In other words, "[i]t is not the intent of the compensation law that a claimant be made a football in any contest between parties defendant who have been held liable, in the determination of their respective rights or liabilities as between themselves." *Morrisseau*, 181 A.2d at 59 (citation omitted).

Although multiple employers are collectively responsible for securing workers' compensation insurance or self-insurance for a shared employee, nothing prevents those parties from reaching an agreement as to which party will secure that insurance although each remains primarily liable. Regardless of how or by whom workers' compensation insurance is secured, "an employee is not entitled to both workers' compensation benefits and recovery under a common law negligence action." *Welch v. Home Two, Inc.*, 783 A.2d 419, 422 (Vt. 2000) (citing *Candido*, 687 A.2d at 480). Plaintiff seeks to do exactly what Vermont's workers' compensation laws prohibit: "having collected benefits for [his] injuries from [his primary employer] without having to show employer fault, [he] now seeks the right to pursue a separate, potentially larger jury award from [his] second employer." *Candido*, 687 A.2d at 478-79.

Permitting employees to recover in the way Plaintiff requests "undermines the balance between expeditious, automatic payments to employees in return for limited liability for employers[]" because "[i]f allowed, employers such as [the USPS] would be subject to double liability—ultimate responsibility for paying benefits under the Act through the second employer, while remaining exposed to the threat of common-law negligence suits." *Id.* at 479 (citation omitted). The Vermont Supreme Court has repeatedly made clear that an employee cannot be compensated twice for the same injury. *See Yustin v. Dep't of Pub. Safety*, 2011 VT 20, ¶ 7, 189 Vt. 618, 619, 19 A.3d 611, 613 ("Vermont's workers' compensation scheme evinces a clear and strong policy against the double recovery of benefits."); *Candido*, 687 A.2d at 479 (rejecting interpretation of

workers' compensation statutes that would subject employers to "double liability[]"). "[I]t is the statutory employer's *potential liability*, not its actual payment of workers' compensation benefits, that makes the employer immune from an injured employee's third-party tort suit." *Edson*, 2003 VT 32, ¶ 10, 175 Vt. at 334, 830 A.2d at 674 (emphasis supplied) (citations omitted).

Although Plaintiff contends he did not sign a binding agreement to not sue the USPS when he accepted workers' compensation benefits from RSD, he points to no requirement for his consent, nor any authority in Vermont allowing a plaintiff to both collect workers' compensation benefits and file a separate suit against a statutory employer under § 618(b). *See Edson*, 2003 VT 32, ¶ 3, 175 Vt. at 331, 830 A.2d at 672 (concluding the plaintiff could not sue the State of Vermont for negligence where the State contracted with the plaintiff's primary employer to ensure the primary employer "provided workers' compensation benefits to [the] plaintiff[]"). Instead, § 618(b) imposes liability against an employer that has *not* secured workers' compensation insurance and prohibits *that* employer from entering into a side-deal with the plaintiff to compensate for workplace injuries "unless the employee, with knowledge of the employee's rights, signs a written agreement waiving the right to pursue a civil action[]" against the employer who provided the plaintiff with a "payment" in lieu of workers' compensation benefits. 21 V.S.A. § 618(d). RSD obtained workers' compensation insurance and provided workers' compensation benefits to Plaintiff for the same injury Plaintiff seeks to recover from the Federal Government in this lawsuit. Section 618(b) does not authorize a double recovery.

In light of the plain language of the applicable statutes and the Vermont Supreme Court's interpretations of them, Plaintiff may not obtain a duplicate recovery by bringing a negligence claim against the Federal Government for the same injuries for which he has already recovered a workers' compensation award from his employer RSD.

14

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 32.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _16th_ day of July, 2024.

Christina Reiss, District Judge
United States District Court

15